UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re

DAVID M. MUNSON and                      Chapter 13
ANNE M. MUNSON,                          Case No. 08-20945

Debtors.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the Motion to Alter or Amend Judgment

F.R.Civ.P.59(e) Motion for Relief from Judgment or Order F.R.Civ.P. 60, Testimonial Hearing

Requested (Docket Entry ("DE") 21) (the "Motion to Reconsider") seeking reconsideration of

the February 27, 2018 minute entry order denying Debtors' Motion to Re-Open Chapter 7 to

Expand Time Allowed to File Reaffirmation Agreement (DE 15) (the "Motion to Reopen").

The Motion to Reopen sought an order reopening the Debtors' bankruptcy case.  The

order denying that relief did not constitute a judgment and therefore, Fed. R. Civ. P. 59(e), as

incorporated by Fed. R. Bankr. P. 9023, is inapplicable.  The Motion to Reconsider is therefore

**DENIED** to the extent Debtors seek to alter or amend the order denying the Motion to Reopen

under Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 60(b), as incorporated by Fed. R. Bankr. P. 9024, sets forth the reasons for

which a Court may relieve a party from a final order.  The Debtors do not specify which of the

six enumerated reasons in Fed. R. Civ. P. 60(b) form the basis for the relief requested in their

Motion to Reconsider.  Although the Debtors supplement the argument presented in the Motion

to Reopen with cites to applicable rules and statutes, the Motion to Reconsider does not raise any

arguments or point to any authority the Court did not previously consider when denying the

Motion to Reopen.  The Motion to Reconsider contains counsel's anecdotal history of

reaffirmation procedures in this jurisdiction but those arguments are unpersuasive and were also

raised during the hearing on February 27, 2018.  Finally, the only new fact alleged in the Motion

to Reconsider is false and contradicts the correct information supplied in the Motion to Reopen.[1]

Since the Debtors did not state any basis for relief under Fed. R. Civ. P. 60(b), the Motion to

Reconsider is hereby **DENIED**.

The denial of the Motion to Reconsider moots the Debtors' request for an evidentiary

hearing.  Nonetheless, the Court notes that, to the extent the Debtors assert that evidence is

necessary to establish a pattern of practice justifying counsel's failure to abide with the deadlines

established in 11 U.S.C. § 524(c), Fed. R. Bankr. P. 4008 and Fed. R. Bankr. P. 9006(b)(1), that

argument fails.  Even if this Court accepts as true that counsel for both debtors and creditors

were more cavalier in their treatment of reaffirmation deadlines and filing requirements at the

time this case was open, that fact does not change this Court's view that it should not exercise its

jurisdiction to temporarily lift the discharge protections the Debtors have enjoyed for ten years

merely so the Debtors can satisfy a condition imposed upon them by Maine State Housing

Authority in the course of loan modification negotiations.

Wherefore, the Motion to Reconsider is hereby **DENIED** in its entirety.

Dated: March 9, 2018

/s/ Peter G. Cary
Honorable Peter G. Cary, Chief Judge
United States Bankruptcy Court

---

[1] The Motion to Reconsider states, "The reaffirmation in this case was signed by all parties prior to discharge on 11/17/08.  (It was signed by the Debtors on 11/6/08 and by the bank on 11/14/08.)"  Motion to Reconsider, ¶ 8.  The docket, however, reflects that the Debtors' discharge entered on November 10, 2008; four days before Maine State Housing Authority executed the reaffirmation agreement.  The Motion to Reopen correctly stated the date on which the discharge order entered.  Motion to Reopen, ¶ 8.